**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT BURNS McCALL,** | ) | |
| **ID # 604522,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-079-G-BH** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division, et al.,** | ) | |
| **Respondents.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**I.  BACKGROUND**

Robert Burns McCall (Petitioner) challenges a disciplinary conviction. He named as respondent William Stephens, Director of TDCJ-CID, and several persons involved with the disciplinary proceeding he now challenges.  (doc. 1. at 1.)

In November 1991, Petitioner was convicted of felony sexual assault of a child in cause number F-910-4344-N, in Dallas County, Texas, for which he received a 25-year sentence. (doc. 1, at 2; *see also* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=03227133, last visited April 27, 2015.)  While serving his sentence at the Goree Unit, Petitioner was charged with assaulting an offender.  (doc. 1,  at 5).  On August 13, 2014, the disciplinary hearing officer found Petitioner guilty and assessed his punishment at thirty days' loss of good time, fifteen additional days' solitary confinement, forty days' cell restriction and loss of recreation and commissary privileges, and a reduction in time-earning status. (doc. 1, at 5).  Petitioner alleged he

filed Step One and Step Two grievances challenging this disciplinary conviction, both of which were denied. (doc. 1, at 5-6, 8). Petitioner filed a state application for writ of habeas corpus in the trial court on August 12, 2014, and it was ultimately denied without written order on October 8, 2014 on the findings of the trial court without a hearing.  He filed a second application in the trial court on December 14, 2014, and it was ultimately dismissed as a successive application under Tex. Code Crim P. Art. 11.07, § 4(a)-(c). *See Ex parte McCall,* WR-8,175-01 (Tex. Crim. App. October 8, 2014); *Ex parte McCall*, WR-82,175-01 (Tex. Crim App. February 15, 2015); *see also* http://www.dallascounty.org/criminalBackgroundSearch/defendant_detail,do?In=01   and   02. Petitioner mailed his petition for federal habeas relief under 28 U.S.C. § 2254 on January 5, 2014, along with a brief in support. (doc. 1, at 10; doc. 2 at 4).

Petitioner claims that the hearing officer refused to allow him to ask another officer certain questions, the hearing officer who investigated the case also presided over the hearing, officers harassed his entire pod into saying negative things about him, and the office of inspector general failed to investigate his grievances about the disciplinary proceeding. (doc. 1, at 6-7, doc. 2, at 2-4). He asserts that this amounts to a denial of due process of law. (doc.2, at 1).

## II.  PROPER RESPONDENT

As noted, Petitioner named William Stephens, and several persons involved with the disciplinary proceeding that he challenges in this case.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner).

2

Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court'". 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Because Petitioner challenges sentence credits for a conviction that has resulted in his incarceration in the TDCJ-CID under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions (Stephens) is a proper respondent. *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions.").

Petitioner has named both the proper respondent (Stephens) and improper respondents. William Stephens should therefore remain the only named respondent, and the Clerk of Court should be directed to remove and terminate the remaining respondents.

### III.  SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner alleges that his due process rights were denied during the hearing and disciplinary proceeding that resulted in his disciplinary conviction. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).  Prisoners charged

with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995).  In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison.  *See Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58 (holding that inmates that are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).

Petitioner claims that he is eligible for mandatory supervision. (doc. 1, at 5.)  In a prior challenge to a separate disciplinary proceeding, he admitted he was not eligible for mandatory supervised release. *See McCall v. Quarterman,* No.2:07-CV-029-J, 2007 WL 690172, at *1 (N.D. Tex. March 7, 2007), *adopting* findings, conclusions and recommendation (N.D. Tex. February 26, 2007).  He is not eligible for mandatory supervision as a result of his conviction for sexual assault of a child. S*ee* Tex. Gov't  Code § 508.149(a)(6) (West 2014)(noting that an inmate may not be released to mandatory supervision if serving a sentence for offenses under Tex. Pen. Code § 22.011 (sexual assault offenses);  *see generally Johnson v. Thaler*, No.2:12-CV-0392, 2013 WL 3323178, at  *5 (S.D. Tex. June 28, 2013) ("Petitioner is not eligible for release to mandatory supervision because he was convicted of aggravated sexual assault of a child") (citations omitted). If Petitioner is not eligible for mandatory supervision, the loss of good-time credits does not implicate a protected liberty interest.  To the extent that Petitioner is challenging his reduction in line status, he also has no constitutionally protected property or liberty interest in his classification or the loss of opportunity to accrue good-time credits.  *Malchi*, 211 F.3d at 959; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  Likewise, commissary and recreation restrictions do not implicate

4

due process concerns because they are not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Id.*; *see also Hinojosa v. Thaler*, 427 Fed. App'x 354, 355 (5th Cir. June 6, 2011).

Because Petitioner has no constitutional right that was violated by his disciplinary conviction, his federal habeas petition should be summarily dismissed.

## IV.  RECOMMENDATION

The Clerk of Court should be directed to remove and terminate all respondents except Williams Stephens, and the petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED on this 28th day of April, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE