UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BURNS McCALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-0079-G (BH) |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the

findings, conclusions, and recommendation of the United States Magistrate Judge

and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the court is of

the opinion that the findings and conclusions of the magistrate judge are correct and

they are accepted as the findings and conclusions of the court.  For the reasons stated

in the findings, conclusions, and recommendation of the United States Magistrate

Judge, the petition for habeas corpus relief under 28 U.S.C. § 2254 will be

**SUMMARILY DISMISSED** with prejudice, and the clerk of court is directed to terminate all of the listed respondents except for William Stephens.

In accordance with FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the magistrate judge, the petitioner is **DENIED** a certificate of appealability.  The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*]    Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.**  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the

(continued...)

If the petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SO ORDERED**.

May 21, 2015.

*A. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**

---

<sup>*</sup>(...continued)
denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.